[S. F. No. 3325.   In Bank.—October 16, 1902.]

## CITY OF LOS ANGELES, Petitioner, v. C. H. HANCE, City Clerk, Respondent.

CITY CHARTER OF LOS ANGELES—LIMITATION OF INDEBTEDNESS—BONDS FOR WATER-WORKS AND SEWAGE SYSTEM.—Under the charter of the city of Los Angeles the limitation of two million dollars to the indebtedness of the city, does not include bonds to be issued by the city under the provisions of the constitution and general laws for the purpose of securing a water system and sewage system for the benefit of the city.

ID.—MANDAMUS TO CITY CLERK.—*Mandamus* will lie to compel the city clerk of Los Angeles to sign and certify to the passage of an ordinance calling a special election, and submitting to the qualified voters of the city the question of the issuance of such bonds. [Harrison, J., and Temple, J., dissenting.]

WRIT OF MANDATE from the Supreme Court to the City Clerk of Los Angeles County.

The facts are stated in the opinion.

W. B. Mathews, for Petitioner.

Walter Bordwell, for Respondent.

McFARLAND, J.—This is a petition of the city of Los Angeles, a municipal corporation, for a writ of mandate to compel the respondent, city clerk of said city, to sign and certify to the passage by the city council of the city of a

certain ordinance calling a special election and submitting to the qualified voters of the city certain propositions for incurring municipal debts in the form of bonds, and to present the same to the mayor of the city for his approval. An alternative writ was issued, and on the return day the case was argued and submitted. The respondent bases his refusal to do the act demanded upon the ground that the bonds proposed to be voted for would be illegal and void because in excess of the limitation of municipal indebtedness prescribed in the charter of the city; and this question as to limitation of the power of the city to incur further indebtedness by the proposed bonds is the only question presented, and the only question which will be decided in this proceeding. As the time for the respondent to act in the premises has nearly expired, we will state our views of the question involved briefly, as there is no time for elaboration.

Section 223 of the city charter of Los Angeles—under which the question in the case arises—is as follows: "The indebtedness of said city must not exceed, in the aggregate, the sum of $2,000,000; and any debt or liability incurred in violation of this section, except as hereinafter provided, whether by borrowing money, loaning the credit of the city or otherwise, is null and void, and of no effect; provided, that for the purpose of acquiring and establishing a system of water-works for supplying the inhabitants of the city with water, or of establishing and constructing a system for the collection and disposition of the sewage of the city, a further indebtedness may be incurred by the issue of bonds for that purpose, under the provisions of the constitution and general laws." We think it clear that under this section the limitation of indebtedness to $2,000,000 includes only indebtedness for general purposes other than for acquiring and constructing waterworks and a system of sewerage; and that when, at any time, the question of such limitation is to be determined no former indebtedness for water or sewage is to be considered. In the case at bar it is shown and admitted that the present total indebtedness of the city of Los Angeles is $3,331,250; but of this amount only $906,900 was incurred for purposes other than for establishing a system of water-works and for constructing a sewage system, which is $1,093,100 less than the said $2,000,000 limitation. In the proposed new indebtedness

only $780,000 is for general purposes other than for water and sewage, and all the rest is for these two latter purposes. The incurring of indebtedness for water and sewage is clearly not within the charter limitation, notwithstanding the fact that previous indebtedness had already been incurred for such purposes. A part of the proposed indebtedness—$400,000— is for constructing and establishing what are called "storm sewers," intended to carry off flood surface waters so as to prevent them from obstructing the underground sewers; and we think that this is clearly to be considered as a natural and proper part of the general sewage system of the city.

There is a constitutional limitation of the power of a municipal corporation to incur indebtedness beyond fifteen per cent of the assessed value of the taxable property within its jurisdiction; but it is admitted that the indebtedness to be incurred by the proposed bonds would be within said constitutional limitation.

It is ordered that a peremptory writ issue as prayed for in the petition.

Beatty, C. J., Van Dyke, J., Garoutte, J., and Henshaw, J., concurred.

HARRISON, J., dissenting.—I dissent. The manifest purpose of the present proceeding is to obtain an opinion of this court upon the validity of certain municipal bonds which the city council of Los Angeles proposes to issue in advance of any vote of the people directing their issue. It is evident that in such a proceeding there can be no adversary parties, and no issue upon the validity of the bonds whose determination will be binding upon any of the parties that may be affected by their issue, in case they shall hereafter be ordered and sold. The taxpayer will not be estopped by the decision in the present proceeding from contesting their validity or the correctness of the decision upon the question submitted to the court, nor will any holder of the bonds be protected by such decision.

The duty of the city clerk upon the facts presented in the petition is purely clerical, and neither he nor the officer of the city upon whose affidavit the writ is sought is authorized to bring into judicature the question now presented for de-

cision.  If he refuses to perform this duty, the statutes of this State provide ample remedies by which he may be punished for the violation of his duty and removed from his office, and by which the city may secure the services of a clerk who will discharge the duties of his office.  The facts presented in the petition do not authorize the issuance of a writ of mandate.  The function of courts is to decide questions that involve existing rights of property, and not to give answers to moot questions upon propositions that may never arise.  Such answers are only the opinions of the individuals giving the answers, and not a judicial decision.

Temple, J., concurred.