[S. F. No. 5430.    In Bank.—December 22, 1909.]

## CITY OF LOS ANGELES, Petitioner, v. HARRY J. LELANDE, City Clerk of the City of Los Angeles, Respondent.

MUNICIPAL CORPORATIONS—CITY CLERK OF LOS ANGELES—SIGNING ORDINANCE—MANDAMUS.—The city clerk of the city of Los Angeles is a purely ministerial officer, whose duty it is to sign any and every ordinance which has been duly passed, regardless of any views which he may entertain as to its legality or illegality. A writ of mandate will not lie to compel the performance of such duty. (*Los Angeles* v. *Hance,* 137 Cal. 490, disapproved.)

APPLICATION for a Writ of Mandate directed to the City Clerk of the City of Los Angeles.

This was an application for a writ of mandate directed to the defendant as city clerk of the city of Los Angeles, commanding him to sign and certify to the passage of an ordinance calling a special election and submitting to the qualified voters of the city the proposition of incurring a certain

bonded indebtedness.   The further facts are stated in the opinion of the court.

Leslie R. Hewitt, City Attorney, John W. Shenk, Assistant City Attorney, and W. B. Mathews, for Petitioner.

THE COURT.—The petition is denied.

The application is within the precedent established by *City of Los Angeles* v. *Hance,* 137 Cal. 490, [70 Pac. 475], but the court is of the opinion that this decision should not be followed.   The city clerk is a purely ministerial officer, whose duty it is to sign any and every ordinance which has been duly passed, regardless of any views which he may entertain as to its legality or illegality.   Mandate directed against the clerk for his refusal to sign an ordinance could properly go no further than to order him to perform his plain duty, and any discussion touching the legality or illegality, constitutionality or unconstitutionality of the ordinance in question would be the merest *obiter,* binding upon no one, and not determinative of any rights.